**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Janek KLAIS, Defendant–Appellant.**

No. 94–4911.

United States Court of Appeals,
Eleventh Circuit.

Nov. 13, 1995.

Richard C. Klugh, Asst. Federal Public Defender, Ft. Lauderdale, FL, for Appellant.

Kendall Coffey, U.S. Attorney, Miami, FL, Linda Collins Hertz, Adalberto Jordan, Geoffrey B. McCullough, Ellen L. Cohen, Asst. U.S. Attys., West Palm Beach, FL, for Appellee.

ON PETITION FOR REHEARING

(Unpublished Opinion June 2, 1995)

Before TJOFLAT, Chief Judge,
ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Appellant Janek Klais was convicted under 18 U.S.C. §§ 371, 922(a)(6), and 924(a)(1)(B). This court affirmed his conviction in an unpublished *per curiam* opinion. Appellant has petitioned for rehearing on the strength of the Supreme Court's intervening decision in *United States v. Gaudin,* —— U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). We deny the petition for rehearing, concluding that the reasoning in *Gaudin* with respect to 18 U.S.C. § 1001 does not apply to 18 U.S.C. § 922(a)(6).

I.

In September, October, and November of 1993, defendant Janek Klais and two others (Terje Taal and Kalev Kurg) bought over fifty firearms from two federally licensed gunshops in Palm Beach County, Florida. Completion of Alcohol, Tobacco and Firearms Form 4473 is federally mandated for the purchase of a firearm, and it contains a statement advising that it must be personally completed by the transferee. Terje Taal filled out eight such forms identifying herself as purchaser, and Kalev Kurg filled out one identifying himself as purchaser. The government's theory was that Klais, Kurg, and Taal engaged in a series of straw man purchases of firearms, and that the true purchaser in every instance was Janek Klais.

Section 922(a)(6) makes it unlawful "knowingly to make any false or fictitious oral or written statement ... intended or likely to deceive" a licensed gun dealer "with respect to any fact material to the lawfulness of the sale." 18 U.S.C. § 922(a)(6) (1994). Klais was charged with eight counts of violating § 922(a)(6), and one count of conspiracy to violate the same, the theory being that he knowingly deceived both gun dealers with respect to a "fact material to the lawfulness of the sale," that is, the identity of the true purchaser.

The court instructed the jury, over defendant's objection, that the materiality of the alleged false statements was not a matter for the jury to decide. Defendant argued on appeal that the court's ruling was erroneous, and this court affirmed *per curiam.* Subsequently the Supreme Court held that the materiality of a false statement for the purposes of a conviction under 18 U.S.C. § 1001 is a question for the jury, and that failure to submit the question of materiality to the jury constitutes reversible error. *United States v. Gaudin,* —— U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). Klais petitioned for rehearing, arguing that *Gaudin* controls with respect to convictions under § 922(a)(6). We disagree.

## II.

The statute construed in *Gaudin,* 18 U.S.C. § 1001, provides that it is unlawful to "knowingly and wilfully" falsify a "material fact" in any matter within the jurisdiction of any department or agency of the United States. The Court concluded that conviction therefore requires a false statement " *'material' to the Government inquiry."* *Gaudin* at ——, 115 S.Ct. at 2313. The *Gaudin* parties agreed, and the Court assumed, that such a statement would "have 'a natural tendency to influence, or [be] capable of influencing the decision of the decisionmaking body to which it was addressed.' " *Gaudin* at ——, 115 S.Ct. at 2313 (quoting *Kungys v. United States,* 485 U.S. 759, 770, 108 S.Ct. 1537, 1546, 99 L.Ed.2d 839 (1988) (construing 8 U.S.C. § 1451, which makes unlawful citizenship orders procured by concealment of a material fact)). The statutes at issue in both *Gaudin* and *Kungys* pertain to the misstatement of facts material to (i.e. that might affect) a decisionmaker's decision.

Section 922(a)(6) uses the word "material" in an entirely different manner. Section 922(a)(6) provides that it is unlawful "knowingly to make any false or fictitious oral or written statement ... intended or likely to deceive" a licensed gun dealer "with respect to any fact *material to the lawfulness* of the sale...." 18 U.S.C. § 922(a)(6) (1994) (emphasis added). Whether the identity of the purchaser is a fact material to the lawfulness of the transaction (that is, whether the lawfulness of a firearms sale can hinge on the identity of the purchaser) is purely a question of law. It should not have been submitted to the jury.

## III.

Finding the Supreme Court's recent ruling in *Gaudin* inapplicable to 18 U.S.C. § 922(a)(6), we conclude that the district court properly refused to submit the question of "materiality" to the jury. Accordingly, the petition for rehearing is DENIED.

IT IS SO ORDERED.