UNITED STATES, Appellee

v.

Lesly PHANPHIL, Airman Basic
U.S. Air Force, Appellant

No. 01-0620

Crim. App. No. 33484

United States Court of Appeals for the Armed Forces

Argued December 12, 2001

Decided June 28, 2002

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE, EFFRON, and BAKER, JJ., joined. SULLIVAN, S.J., filed an opinion concurring in the result.

<u>Counsel</u>

For Appellant: <u>Captain Shelly W. Schools</u> (argued); <u>Lieutenant Colonel Beverly B. Knott</u> and <u>Lieutenant Colonel Timothy W. Murphy</u> (on brief).

For Appellee: <u>Major Linette I. Romer</u> (argued); <u>Colonel Anthony P. Dattilo</u>, <u>Lieutenant Colonel William B. Smith</u>, and <u>Major Lance B. Sigmon</u> (on brief).

Military Judge:  Robert E. Coacher

<u>THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION</u>.

Chief Judge CRAWFORD delivered the opinion of the Court.

In accordance with his pleas, appellant was convicted of conspiring with two other soldiers (Airman First Class (A1C) Mathieu and Specialist (SPC) Bros) and his wife, Dorothy Phanphil, to violate 18 USC § 922(a)(1) by wrongfully engaging in the business of shipping, transporting, or dealing firearms in foreign or interstate commerce by purchasing weapons for another, violating a lawful general regulation by improper use of his government travel card, and violating 18 USC § 922(a)(6) by wrongfully making a false written statement likely or intended to deceive a firearms dealer with respect to a fact material to the lawfulness of the sale of firearms, in violation of Articles 8l, 92, and 134, Uniform Code of Military Justice (UCMJ), 10 USC §§ 881, 892, and 934.

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of an additional specification of conspiring with A1C Mathieu, SPC Bros, and his wife to violate 18 USC § 922(a)(6) by knowingly making a false written statement likely to deceive a firearms dealer with respect to a fact material to the lawfulness of the sale of firearms, in violation of Article 81, supra. The members sentenced appellant to a dishonorable discharge, confinement for three years, and total forfeitures. The

2

convening authority approved the sentence as adjudged, and the
Air Force Court of Criminal Appeals affirmed.  54 MJ 911 (2001).
We granted review of the following issues:

    I.    WHETHER APPELLANT'S GUILTY PLEA TO CHARGE III WAS
        IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO
        DEVELOP THE FACTUAL PREDICATE FOR MATERIALITY OF
        THE LAWFULNESS OF THE SALE.

    II.    WHETHER THE MILITARY JUDGE'S INSTRUCTION TO THE
        MEMBERS REGARDING THE ELEMENT OF MATERIALITY WAS
        PLAIN ERROR.

We hold that the identity of the true purchaser of firearms
is material to the lawfulness of the sale of firearms.  We
further hold that the military judged elicited an adequate
factual predicate to support appellant's admission that the
identity of the true purchaser was material.  We also hold that
if there was an error in failing to instruct the court members
on materiality, it was harmless beyond a reasonable doubt.

FACTS

Appellant was a married Airman Basic with financial debts
who was stationed at Peterson Air Force Base, Colorado.  A1C
Mathieu, who worked with appellant, suggested that appellant
could make money at a rate of $50.00 per gun by purchasing guns
for another member of the military.

On September 11, 1997, A1C Mathieu called appellant at work
and arranged to meet with appellant, his wife, and SPC Bros

at a Blockbuster video store.  Appellant, while still in uniform, met with the group and discussed buying weapons and making a $50 profit per weapon.  SPC Bros did not want to purchase the guns himself for fear it would raise the suspicions of the Bureau of Alcohol, Tobacco, and Firearms (ATF), and he would face possible arrest for his gun smuggling into Haiti.  He told appellant that in order to buy these weapons, appellant needed his military identification card and his military orders.  After going to appellant's quarters to get these items, they went to Gart Sports to make the purchases.

SPC Bros picked out the weapons he wanted appellant to buy, left the store with A1C Mathieu, and went to the parking lot.  Appellant did not have enough money and went back out to get more money to pay for the weapons.  At this time, A1C Mathieu went back in and counted out the money but still did not have enough.  They returned to the car, where SPC Bros was waiting, and obtained more money from him.  They then returned to the store and appellant filled out the application to purchase the firearms, filling in ATF Form 4473.  On that form, appellant certified that he was the actual buyer of the firearms, knowing full well that the firearms would be going to SPC Bros.  The form states:

IMPORTANT NOTICES

1. WARNING - The Federal firearms laws require that the individual filling out this form must be buying the firearm for himself or herself or as a gift. Any individual who is not buying the firearm for himself or herself or as a gift, but who completes this form, violates the law. Example: Mr. Smith asks Mr. Jones to purchase a firearm for Mr. Smith. Mr. Smith gives Mr. Jones the money for the firearm. If Mr. Jones fills out this form, he will violate the law. However, if Mr. Jones buys a firearm with his own money to give to Mr. Smith as a birthday present, Mr. Jones may lawfully complete this form. A licensee who knowingly delivers a firearm to an individual who is not buying the firearm for himself or herself or as a gift violates the law by maintaining a false ATFF 4473.

Subsequent to this purchase and the transfer of five pistols to SPC Bros, appellant discovered that SPC Bros, who like appellant and A1C Mathieu is a native Haitian, was sending these weapons to Haiti. Appellant agreed to purchase more weapons on behalf of SPC Bros but was intercepted by law enforcement agents prior to completing a second transaction.

During the inquiry into the providence of appellant's plea of guilty to making a false written statement to a firearms dealer, appellant testified that on the form, he said he was the actual buyer of the firearms. He admitted this false statement violated 18 USC § 922(a)(6). In addition to pleading guilty to the aforementioned offense, appellant also pleaded guilty to a conspiracy with A1C Mathieu, SPC Bros, and appellant's wife to

violate 18 USC § 922(a)(1) by wrongfully engaging in the business of shipping, transporting, or dealing firearms in foreign or interstate commerce by purchasing weapons for another who was not a licensed dealer or manufacturer. However, it is his plea of not guilty to a conspiracy with the same people on the same date to violate § 922(a)(6) by knowingly making a false written statement intended to deceive a licensed firearm dealer which is the subject of this litigation.

During the military judge's providence inquiry of appellant about the unlawfulness of his false statement to Gart Sports, the following colloquy took place:

> TC  I apologize, Your Honor, there's one other thing, that was that the statement had to be material, and I realize that's a decision for you, the court, to make, but--
>
> MJ  I understand.
>
> TC  It's one of the elements.
>
> MJ  Airman Phanphil, when it talks about--in the specification, it talks about the term with respect to a "fact material" to the lawfulness of the sale. What that term "fact material" means is an important fact, a significant fact. And so, what I am asking you I guess is do you think it would have been an important fact for Gart Sports to know who the actual real purchaser was?
>
> ACC Yes, sir.
>
> MJ  So, you would agree with me that that information is a fact material or a very important fact that Gart Sports in their line of business needed to know?

ACC  Yes, sir.

MJ  Because if--do you understand that if they were really selling to--if they thought that they were selling to Bros when you came in for the guns, they probably wouldn't have sold them to you.  Do you understand that?

ACC  Yes, sir.

### DISCUSSION

Issue I can be subdivided in two distinct issues:  (1) whether the military judge elicited an adequate factual predicate for the plea, and (2) whether appellant attempted to plead guilty to conduct that does not violate 18 USC § 922(a). The second sub-issue is a question of first impression for this Court.

Appellant provided false information in order to obtain a weapon for another individual (SPC Bros) who may have been eligible to purchase a firearm in his own right.  There are at least two approaches to the question of whether a false statement is material to the lawfulness of the sale.  Several courts take the position 18 USC § 922(a) is not violated by a "straw purchase" when the "actual purchaser" is otherwise eligible to purchase the weapon.  See, e.g., United States v. Polk, 118 F.3d 286, 295 (5th Cir. 1997)("Thus, if the true purchaser can lawfully purchase a firearm directly, § 922(a)(6) liability (under a 'straw purchase' theory) does not attach."). A second approach, which we adopt, is that the identity of the

true purchaser is a "fact" material to the lawfulness of the

sale, regardless of the eligibility of the true purchaser.

18 USC § 922 provides as follows:

> (a)  It shall be unlawful --
>
> * * *
>
> (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter....

Our examination of 18 USC § 922(a)(6) begins with the

statute's plain text and Congress's legislative intent in

passing the statute.

> The principle purposes of [this portion of the Omnibus Crime Control and Safe Streets Act of 1968] are to aid in making it possible to keep firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency, and to assist law enforcement authorities in the States and their subdivisions in combating the increasing prevalence of crime in the United States.
>
> * * *
>
> The existing Federal controls over interstate and foreign commerce in firearms are not sufficient to enable the States to effectively cope with the firearms traffic within their own borders through the exercise of their

> police power. Only through adequate Federal control over interstate and foreign commerce in firearms, and over all persons engaging in the business of importing, manufacturing, or dealing in firearms, can this problem be dealt with, and effective State and local regulation of the firearms traffic be made possible.

S. Rep. No. 90-1097, at 28 (1968), reprinted in 1968

U.S.C.C.A.N. at 2113-14.

Additionally, the legislative history provides:

> This paragraph [§ 922(a)(6)] prohibits the making of false statements or the use of any deceitful practice (both knowingly) by a person in connection with the acquisition or attempted acquisition of a firearm from a licensee. To invoke the prohibition, the false statement or deceitful practice must be material to the lawfulness of the sale of the firearm under the provisions of the title. The requirement that one who obtains a firearm from a licensee must properly identify himself is inherent in this prohibition. This is strengthened by the recordkeeping provisions of sections 922(b)(5) and 923(d) as contained in the title.

Id. at 114, 1968 U.S.C.C.A.N. at 2203 (emphasis added).

The recordkeeping provisions, including § 922(a)(6), "place more emphasis on the recordkeeping responsibilities of licensees [sellers] by requiring that the licensee record identifying information submitted to him by the purchaser...." Id. at 80, 1968 U.S.C.C.A.N. at 2168. "[This Act] would also authorize the release of pertinent information obtained from the licensee's records, to State and local authorities, to assist them in law-enforcement activities." Id.

These recordkeeping provisions are designed to assist law enforcement and also to control foreign commerce in firearms. SPC Bros recognized that and did not want to call attention to himself for purchasing too many firearms. "Strawman" purchases defeat the recordkeeping provisions of the Act. During the providence inquiry, appellant admitted that if the seller thought he was selling the guns to a third person, he probably would not have sold the guns to appellant.

In this case, we adopt a construction consistent with Congress's intent in passing the statute. See, e.g., Geier v. American Honda Motor Co., Inc., 529 U.S. 861 (2000). The ATF Form 4473 recognizes the goal of Congress and puts the buyer on notice that the individual filling out the form must be the actual purchaser. An agency's interpretation of the statute, while not controlling, may be examined in determining the congressional objectives. To allow strawman purchases -- that is, false information as to the actual purchaser -- would make the recordkeeping provisions unworkable.

As pointed out by the court below, this is a guilty plea case. We will not overturn a guilty plea unless there is "a 'substantial basis' in law and fact for questioning the guilty plea." United States v. Prater, 32 MJ 433, 436 (CMA 1991). By falsely answering question 8a of ATF Form 4473, appellant misled the Department of the Treasury, the agency responsible for

10

recordkeeping and knowing to whom which weapons are sold.  Thus, the actual buyer's identity is as much a material fact related to the lawfulness of the sale as is the buyer's eligibility to own or possess the weapon.  By signing ATF Form 4473, appellant acknowledged that making a false statement thereon was punishable as a felony.  The actual buyer's identity is a record required to be kept by 18 USC § 922(b)(5).  False statements or representations that result in fictitious identifications of the real buyer are prohibited.  Id. at § 924(a)(1)(A); see generally United States v. Nelson, 221 F.3d 1206 (11th Cir. 2000); United States v. Kind, 194 F.3d 900 (8th Cir. 1999).[*]

With regard to Issue II, also one of first impression before this Court, appellant claims that the military judge committed plain error by telling the members "the materiality of the alleged false statement is not a matter with which you are concerned, but rather is a question for the court to decide." Appellant pled guilty to making a false statement to Gart Sports, in violation of 18 USC § 922(a)(6)(Charge III).  The judge informed the members that the only offense remaining for them to decide guilt or innocence on was specification 1 of Charge I.  As

---

[*]In my personal view, appellant's making the purchase in uniform while using his military identification card and military orders to support the criminal scheme was quite clearly service discrediting.  See Art. 134, UCMJ, 10 USC § 934; see also United States v. Brown, 45 MJ 389 (1996); United States v. Epps, 25 MJ 319 (CMA 1987).  Lying to a firearms dealer about ownership of a weapon, particularly when all the parties involved are either servicemembers or family members, is certainly service discrediting.

11

to that specification, the defense indicated the only issue was whether there was a conspiracy, because the accused contended he "never agreed with anybody to falsify any documents, even though he did it, he never agreed to do it ahead of time."

In United States v. New, 55 MJ 95, 104 (2001), this Court did not agree that "United States v. Gaudin, 515 U.S. 506 ... (1995), requires that lawfulness of a regulation or order, in terms of its relationship to other provisions of law, be treated as an element of a disobedience offense." We noted that in "Gaudin, there was no dispute as to whether the word 'material' constituted an element because the Government 'conceded' that point." Id. Although the Government did not expressly concede that materiality was an element in this case, all the parties to the trial recognized that the only issue was whether there was a conspiracy -- that is, an agreement between the parties to falsify the ATF record.

There is a split of authority on the question whether materiality under 18 USC § 922(a) is a question of fact or a question of law. Compare United States v. Klais, 68 F.3d 1282 (11th Cir. 1995)(distinguishing Gaudin and holding that question whether identity of a gun purchaser is a "fact material to the lawfulness of the transaction" is a question of law), with United States v. Moore, 109 F.3d 1456 (9th Cir. 1997)(following Gaudin in

reviewing instructions on materiality under 18 USC § 922(a)).  We need not resolve the conflicting interpretations of 18 USC § 922(a) because any error was harmless beyond a reasonable doubt. Appellant did not contest materiality and expressly admitted materiality in his guilty plea to making a false statement.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

<u>United States v. Phanphil</u>, No. 01-0620/AF

SULLIVAN, Senior Judge (concurring in the result):

Appellant was charged with violating 18 USC § 922(a)(6) (the specification of Charge III) for allegedly making a material false statement concerning the actual buyer of firearms which he purchased for Private Raudz Bros, an otherwise eligible gun buyer. That statute states it is unlawful

> for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly <u>to make any false or fictitious oral or written statement</u> or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector <u>with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provision of this chapter</u>;

<u>Id</u>. (emphasis added). He was also charged with conspiring with Private Bros and others to commit this offense, in violation of Article 81, Uniform Code of Military Justice, 10 USC § 881.

Appellant pleaded guilty to violating 18 USC § 922(a)(6) and admitted that he made a false statement with respect to a fact material to the lawfulness of the sale, <u>i.e</u>., that he was the actual buyer of the firearms. (R. 40-41) He pleaded not guilty to a charge of conspiring to make such a false statement. The military judge instructed the members that materiality of the

false statement was an element of the offense which was the object of the charged conspiracy.  He further instructed them, however, that "[t]he materiality of the alleged false statement is not a matter with which you are concerned, but rather is a question for the court to decide." (R. 214)  Finally, he did not instruct them further on the materiality of the alleged false statement concerning the actual purchaser of the gun.

On Issue I, I agree that a false statement as to the identity of the actual buyer of a firearm, even if the actual buyer is eligible to purchase the firearm himself, can be punished under the above federal statute.  See United States v. Nelson, 221 F.3d 1206 (11th Cir. 2000); United States v. Kind, 194 F.3d 900 (8th Cir. 1999); but see United States v. Polk, 118 F.3d 286 (5th Cir. 1997).  Accordingly, his guilty plea to violating 18 USC § 922(a)(6) should be upheld.

Turning to Issue II in this case, I conclude that error occurred.  As noted above, the identity of the actual purchaser of a gun could be, and in this case appellant admitted it was, "a fact material to the lawfulness of the sale" with respect to the charge of violating 18 USC 922 (a)(6).  (R. 40-41)  Accordingly, materiality was an element of the offense which was the object of the conspiracy, and the members were to be instructed on it with

United States v. Phanphil, No. 01-0620/AF

respect to the conspiracy charge.* See United States v. Moore,
109 F.3d 1456, 1464 (9th Cir. 1997); see also United States v.
Veal, 153 F.3d 1233, 1255 (11th Cir. 1998); but see United States
v. Klais, 68 F.3d 1282 (11th Cir. 1995).  In my view, United
States v. Gaudin, 515 U.S. 506 (1995), was violated when the
military judge effectively removed this element of the underlying
offense from the members' consideration.

However, in view of appellant's previous guilty plea to
violating 18 USC § 922(a)(6), I would affirm appellant's
conviction for conspiring to commit that same offense.  Such a
result is permitted by the Supreme Court's decision in  Neder v.
United States, 527 U.S. 1 (1999).  See United States v.
New, 55 MJ 95, 114 (2001) (Sullivan, J., concurring in the
result)(harmless error where no real contest on element).  There
simply was no dispute at this trial on this element of the
underlying offense.

---

* Military law contemplates that the members will be instructed on the
elements of the substantive offense which an accused is charged with
conspiring to commit.  See para. 3-5-1, Military Judges' Benchbook, Dept. of
the Army Pamphlet 27-9 at 174 (April 1, 2001); United States v. Canter, 42 CMR
753, 754 (ACMR 1970).  The members must find that the alleged conspirators
agreed to commit this offense as defined by its essential elements.  See
generally United States v. Yasbin, 159 F.2d 705 (3rd Cir. 1947); Cf. United
States v. McCoy, 539 F.2d 1050, 1063-64 (5th Cir. 1976).