SULLIVAN, Senior Judge
(concurring in the result):
Appellant was charged with violating 18 USC § 922(a)(6) (the specification of Charge III) for allegedly making a material false statement concerning the actual buyer of firearms which he purchased for Private Raudz Bros, an otherwise eligible gun buyer. That statute states it is unlawful
for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provision of this chapter;
Id. (emphasis added). He was also charged with conspiring with Private Bros and others to commit this offense, in violation of Article 81, Uniform Code of Military Justice, 10 USC § 881.
Appellant pleaded guilty to violating 18 USC § 922(a)(6) and admitted that he made a false statement with respect to a fact material to the lawfulness of the sale, i.e., that he was the actual buyer of the firearms. (R. 40-41) He pleaded not guilty to a charge of conspiring to make such a false statement. The military judge instructed the members that materiality of the false statement was an element of the offense which was the object of the charged conspiracy. He further instructed them, however, that “[t]he materiality of the alleged false statement is not a matter with which you are concerned, but rather is a question for the court to decide.” (R. 214) Finally, he did not instruct them further on the materiality of the alleged false statement concerning the actual purchaser of the gun.
On Issue I, I agree that a false statement as to the identity of the actual buyer of a firearm, even if the actual buyer is eligible to purchase the firearm himself, can be punished under the above federal statute. See United States v. Nelson, 221 F.3d 1206 (11th Cir.2000); United States v. Kind, 194 F.3d 900 (8th Cir.1999); but see United States v. Polk, 118 F.3d 286 (5th Cir.1997). Accordingly, his guilty plea to violating 18 USC § 922(a)(6) should be upheld.
Turning to Issue II in this case, I conclude that error occurred. As noted above, the identity of the actual purchaser of a gun could be, and in this case appellant admitted it was, “a fact material to the lawfulness of the sale” with respect to the charge of violating 18 USC 922(a)(6). (R. 40-41) Accordingly, materiality was an element of the offense which was the object of the conspiracy, and *12 the members were to be instructed on it with respect to the conspiracy charge.* See United States v. Moore, 109 F.3d 1456, 1464 (9th Cir.1997); see also United States v. Veal, 153 F.3d 1233, 1255 (11th Cir.1998); but see United States v. Klais, 68 F.3d 1282 (11th Cir.1995). In my view, United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), was violated when the military judge effectively removed this element of the underlying offense from the members’ consideration.
However, in view of appellant’s previous guilty plea to violating 18 USC § 922(a)(6), I would affirm appellant’s conviction for conspiring to commit that same offense. Such a result is permitted by the Supreme Court’s decision in Neder v. United States, 527 U.S. 1,119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). See United States v. New, 55 MJ 95, 114 (2001) (Sullivan, J., concurring in the result)(harmless error where no real contest on element). There simply was no dispute at this trial on this element of the underlying offense.

 Military law contemplates that the members will be instructed on the elements of the substantive offense which an accused is charged with conspiring to commit. See para. 3-5-1, Military Judges’ Benchbook, Dept. of the Army Pamphlet 27-9 at 174 (April 1, 2001); United States v. Canter, 42 CMR 753, 754, 1970 WL 7222 (ACMR 1970). The members must find that the alleged conspirators agreed to commit this offense as defined by its essential elements. See generally United States v. Yasbin, 159 F.2d 705 (3rd Cir. 1947); Cf. United States v. McCoy, 539 F.2d 1050, 1063-64 (5th Cir.1976).