SULLIVAN, Senior Judge
(concurring in the result):
In my view, it is Congress who “make[s] Rules for the Government and Regulation of the land and naval Forces,” not the Manual drafters of the Discussion section of RCM 801(e)(5). U.S. Const., art. I, § 8, cl. 14. The majority continues to follow the lead of the Manual drafters in holding that the lawfulness of a disobeyed order is not an element of a criminal offense but a question of law to be decided by the military judge alone. I again must disagree and would hold that it is an element of the offense of disobedience of lawful orders under Article 92, UCMJ, which should have been decided by the members in this- case. See United States v. New, 55 MJ 95, 114-28 (2001)(Sullivan, J., concurring in the result).
Congress has repeatedly chosen to make the lawfulness of a certain act an element of a military criminal offense to be decided by the military jury or by the military judge if the military accused so requests. Lawfulness in these circumstances is usually a mixed question of fact and law. See generally United States v. Gaudin, 515 U.S. 506, 512-15, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). Examples are:
Article 84 UCMJ unlawful enlistment, appointment, or separation
Article 90(2) UCMJ lawful command
Article 91(2) UCMJ lawful order
Article 92(1) UCMJ lawful general order or regulation
92(2) UCMJ lawful order
Article 94(a)(1) UCMJ lawful military authority
94(a)(2) UCMJ lawful civil authority
Article 97 UCMJ unlawful detention
Article 119 UCMJ unlawfully Mils
Article 128 UCMJ unlawful force
Article 130 UCMJ unlawful entry
Article 131(1) UCMJ lawful oath
The majority’s broad pronouncement that “ ‘lawfulness’ is a question of law,” 57 MJ at 16, suggests that the element of lawfulness, common to all these offenses, should also be removed from the military jury. I disagree.
Nevertheless, I would affirm appellant’s conviction. There was overwhelming evidence of the lawfulness of the order in this case. Moreover, appellant pleaded guilty to a second violation of this same order and admitted that the order was lawful. (R. 79-80) Finally, there was no dispute as to the lawfulness of this order at trial. In fact, appellant offered to stipulate that the order *17 was lawful. (R. 197) Clearly, this was harmless error under Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); see generally United States v. Phanphil, 57 M.J. 6 (2002).