[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10172

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DALLAS TERRELL SMITH,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20079-DPG-1

————————————————

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Dallas Terrell Smith appeals his convictions and sentence of one year and one day in prison for providing a false statement in connection with the purchase of a firearm and dealing in firearms without a license. We affirm.

## I.

A federal grand jury charged Smith with three counts of making false statements in connection with the purchase of firearms from a licensed dealer, in violation of 18 U.S.C. § 922(a)(6) (Counts 1–3), and one count of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (Count 4). A jury found Smith guilty of Counts 1 and 4, and not guilty of Counts 2 and 3. The district court sentenced Smith to one year and one day in prison, followed by three years of supervised release. Smith now appeals his convictions and sentence, arguing that the evidence presented at trial was insufficient to support the jury's verdict as to Counts 1 and 4.

## II.

We review de novo whether the evidence was sufficient to sustain a jury's guilty verdict, viewing all evidence and making all reasonable inferences and credibility determinations in favor of the government. *United States v. Isaacson*, 752 F.3d 1291, 1303–04 (11th Cir. 2014). We will not overturn a jury's verdict so long as any

reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt.  *Id.*

### III.

### A.

To sustain a conviction under 18 U.S.C. § 922(a)(6), the government must prove beyond a reasonable doubt that in connection with the acquisition of firearms, the defendant knowingly made a false or fictitious oral or written statement intended to deceive or likely to deceive a licensed firearms dealer, and that the false statement was a fact material to the lawfulness of the sale or disposition of the firearm.  18 U.S.C. § 922(a)(6); *see United States v. Frazier*, 605 F.3d 1271, 1278–79 (11th Cir. 2010).

Count 1 of Smith's indictment charged that on June 2, 2019, Smith knowingly made two false statements on a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) form that he was required to complete for the purchase of two pistols from a licensed firearms dealer: that he was the actual buyer of the firearms, and that he resided at a specific address on Fourth Avenue in Miami, Florida.  Smith argues that neither of these two statements could support his conviction on Count 1 because (1) the government failed to prove that he was not the actual buyer, and (2) the residence information he provided, though false, was not material to the lawfulness of the sale.[1]

---

[1] Smith also argues that the question of whether his allegedly false statements were "material" within the meaning of the statute should have been submitted

We need not decide today what evidence was required to prove that Smith was not the "actual transferee/buyer" of the firearms as he stated on the ATF form, because Smith admits to knowingly listing an address where he had not lived for several years as his "current" residence on the same form. One false statement is enough, provided that the other elements of the offense are satisfied. *See* 18 U.S.C. § 922(a)(6).

And Smith's argument that a false address is not "material to the lawfulness of the sale" of a firearm is contrary to binding precedent. In *United States v. Gudger*, our predecessor court explained that a buyer's intentional misstatement of his home address is material to the lawfulness of the sale because the dealer is required by statute to record the name, age, and place of residence of the buyer—meaning that "the sale is illegal unless these matters are correctly recorded." 472 F.2d 566, 568 (5th Cir. 1972) (quotation omitted); *see* 18 U.S.C. § 922(b)(5). We are bound by the holding in *Gudger* "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting decisions of the former Fifth Circuit issued prior to October 1, 1981, as binding precedent).

---

to the jury. But as we have explained before, whether a statement of fact is "*material to the lawfulness* of the sale" of a firearm is "purely a question of law" for the court to decide. *United States v. Klais*, 68 F.3d 1282, 1283 (11th Cir. 1995) (emphasis in original) (quoting 18 U.S.C. § 922(a)(6)).

Smith attempts to distinguish *Gudger* by pointing out that the defendant in that case listed a *fictitious* address, whereas the address he provided was an actual residence—albeit one where he did not live at the time and had not lived for several years. We see no difference. Either way, Smith's statement that the Fourth Avenue address was his "current" address was false, and he knew it. *Gudger* makes clear that providing a false address is "material to the lawfulness of the sale" under § 922(a)(6).

## IV.

As to his conviction for dealing in firearms without a license, Smith argues that the government failed to present sufficient evidence that he was "engaged in the business of dealing in firearms" as that term is used in § 922(a)(1)(A). Smith argues that evidence that he sold only 24 firearms over a two-year period shows that he was not making a living from selling guns. But the statute does not require the government to prove that the defendant engaged in a high-volume firearm business or that he made any minimum dollar amount from his sales.

At the time Smith committed his offenses, Congress defined the term "engaged in the business" as used in § 922(a)(6) to mean "a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms," not including a hobbyist or collector who sells from his personal collection. 18 U.S.C. § 921(a)(21)(C) (2019). The term "with the principal objective of livelihood and profit" was

defined to mean that "the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection." *Id*. § 921(a)(22). So a person may engage in the business of dealing in firearms if he regularly buys and sells firearms with the principal intent of making a profit, even if that business is not his only (or even his main) source of income.

The evidence showed that Smith purchased at least 26 firearms between September 2018 and November 2020, including 11 Taurus G2C 9mm pistols. When he was interviewed in November 2020, he had only the two most recently purchased firearms—neither of which was a Taurus G2C 9mm—still in his possession. He spent about $10,000 on firearms during that period, though his only known source of income (other than firearm sales) was unemployment assistance. And most importantly, Smith admitted to ATF agents that he sold firearms "to pay his bills," and that he made about $50 profit on each firearm. This evidence was sufficient for a reasonable jury to find that Smith was engaged in buying and selling firearms "with the principal objective of livelihood and profit," though he was not a licensed firearms dealer. 18 U.S.C. § 921(a)(21)(C) (2019).

## V.

We AFFIRM Smith's convictions and sentence.

**AFFIRMED.**